UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALLIED PROPERTY AND CASUALTY | ) | |
|---|---|---|
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff / Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-00933-AGF |
| | ) | |
| HENRY GRICH, | ) | |
| | ) | |
| Defendant / Counterclaim Plaintiff. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 14) of Defendant / Counter-Plaintiff Henry Grich ("Grich") to stay this action for declaratory judgment pending a ruling of the Missouri Supreme Court in *Jeffrey Swadley, et al. v. Shelter Mutual Insurance Company* ("*Swadley*"), No. SC95844, which Grich asserts is likely to impact the determinative legal issue in this case. After careful consideration, the Court will grant Grich's motion.

The primary issue in this declaratory judgment action is whether Grich is entitled to underinsured motorist ("UIM") coverage under the insurance policy issued by Plaintiff / Counter-Defendant Allied Property and Casualty Insurance Company ("Allied"), for the injuries he suffered after a motor vehicle accident for which he was not at fault. The insurance policy defines an "underinsured motor vehicle" as a vehicle "to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily

1

injury liability is less than the limit of liability for this coverage." (Doc. No. 1-1 at 31.)
The declarations page of the policy lists the limit of liability for UIM coverage as
$100,000; and the at-fault driver's policy here had a limit for bodily injury liability of
$250,000, which Grich has already recovered and which is obviously more than the UIM
coverage of Grich's policy.

The Missouri Supreme Court determined that a nearly identical UIM policy unambiguously promised UIM coverage only if the insured suffered bodily injury and the vehicle responsible for the accident had a limit of liability that was less than the UIM coverage provided in the insured's policy. *Rodriguez v. Gen. Accident Ins. Co. of Am.*, 808 S.W.2d 379 (Mo. 1991). The court held that because the insured's policy provided UIM coverage of $50,000 and because the at-fault driver's policy provided coverage equal to (not less than) $50,000, the at-fault driver's vehicle was not an underinsured motor vehicle and the insured was not entitled to UIM coverage. *Id.*

Applying Missouri law and following *Rodriguez*, the Eighth Circuit held that a nearly identical definition of the term "underinsured motor vehicle" was not ambiguous and enforced the plain meaning of the definition to find that an at-fault driver's vehicle was not underinsured where the at-fault driver's insurance policy provided coverage in an amount that equaled (and was not less than) the insured's UIM coverage. *Burger v. Allied Prop. & Cas. Ins. Co.*, 822 F.3d 445, 448-50 (8th Cir. 2016). In arriving at this holding, the Eighth Circuit rejected the insured's arguments, based on caselaw from the Missouri Court of Appeals, that other terms in the policy, including the amount of UIM coverage stated in the policy's declaration page, created an ambiguity as to the

applicability and scope of UIM coverage. *Id.* The Eighth Circuit held that the appellate caselaw was not controlling on the court (as opposed to caselaw from the Missouri Supreme Court) and also that the cases cited were distinguishable. *Id.*

In his motion to stay, Grich argues that in *Swadley*, the Missouri Supreme Court may soon reconsider the issue of whether other terms of an insurance policy (namely, the amount of UIM coverage stated in the policy's declaration page) may create an ambiguity as to the applicability and scope of UIM coverage. Specifically, the Missouri Supreme Court will soon decide whether to accept a transfer from the Missouri Court of Appeals in *Swadley v. Shelter Mut. Ins. Co.,* No. SD 34129, 2016 WL 3944716 (Mo. Ct. App. July 19, 2016). By a vote of 2-1, the appellate court in *Swadley* followed the reasoning of *Rodriguez* to find that a similar definition of "underinsured motor vehicle" was unambiguous and enforced the plain meaning of the definition. The dissenting judge in *Swadley* disagreed, finding that the amount of UIM coverage listed in the declaration page, without further disclaimer, created an ambiguity as to the applicability and scope of UIM coverage. 2016 WL 3944716, at *8. The dissenting judge certified and transferred the case to the Missouri Supreme Court, pursuant to Rule 83.03 of the Missouri Supreme Court Rules.

Grich argues that the Court should stay this case pending a decision of the Missouri Supreme Court in *Swadley* in order to save the parties and the Court significant resources. Grich acknowledges that if the Missouri Supreme Court rejects the transfer or issues a decision on the merits affirming *Swadley*, Allied will be entitled to judgment in this case. But Grich argues that if the Missouri Supreme Court accepts transfer and

3

reverses the appellate court, its holding may impact the issues in this case.

Allied does not dispute that the Missouri Supreme Court will soon decide whether to accept the transfer and hear *Swadley*. Nor does Allied assert that a stay would result in prejudice, aside from the limited delay in adjudication. But Allied argues that a stay should be denied because Allied is not a party to *Swadley* and because the language in the policy at issue in this case is not identical to the language of the policy in *Swadley*.

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. Thus, in considering a motion to stay, the Court weighs the potential prejudice or hardship to the parties, as well as the interest of judicial economy. *See SSDD, LLC v. Underwriters at Lloyd's, London*, No. 4:13-CV-258 CAS, 2013 WL 2420676, at *4 (E.D. Mo. June 3, 2013); *Asarco LLC v. NL Indus., Inc.*, No. 4:11-CV-00864-JAR, 2013 WL 943614, at *3 (E.D. Mo. Mar. 11, 2013).

After carefully considering and weighing all of the competing interests in this case, the Court concludes that a stay is warranted. The Court's review of *Swadley* and of the relevant policy language in that case convinces the Court that waiting for a ruling by the Missouri Supreme Court would promote judicial economy here. Specifically, as Grich acknowledges, a rejection of the transfer or an affirmance on the merits in *Swadley*

would leave in place the precedent set by *Rodriguez* (and *Burger*), and would likely be dispositive of this case. Alternatively, if the Missouri Supreme Court accepts transfer and reconsiders or adds to the line of precedent set by *Rodriguez*, such a ruling may well also impact the Court's analysis of the determinative legal issues in this case.

By contrast, Allied has not asserted, and the Court does not find, that Allied would be unduly prejudiced by a stay. This case is still in its early stages. The parties have conducted little, if any, discovery; and other than the instant motion and short motion for summary judgment filed by Allied (based largely on *Rodriguez* and its progeny, including *Burger*), no substantive issues have been or are scheduled to be litigated. Thus, staying the case now would not significantly disrupt the litigation process.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of Defendant / Counter-Plaintiff Henry Grich to stay this proceeding is **GRANTED**. (Doc. No. 14.) This case is **STAYED** until such time as the Missouri Supreme Court issues a decision in *Jeffrey Swadley, et al. v. Shelter Mutual Insurance Company* ("*Swadley*"), No. SC95844.

**IT IS FURTHER ORDERED** that, in light of the stay, all other pending motions are **DENIED without prejudice** to refiling, as appropriate, upon lifting of the stay; and the Rule 16 conference previously scheduled for September 27, 2016 is **CANCELED**.

**IT IS FURTHER ORDERED** that, within **seven (7) days** following a ruling by the Missouri Supreme Court in *Swadley*, Defendant / Counter-Plaintiff shall file an appropriate motion as to lifting the stay. The Court will set a case management

5

conference, as appropriate, upon a lifting of the stay.

**IT IS FURTHER ORDERED** that this case shall be deemed closed for statistical purposes only, subject to reopening upon lifting of the stay herein imposed or other appropriate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2016.